IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, and H.W. WARD as Fiduciary of the HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 06 C 4630 |
| PRINTER'S ROW, LLC, d/b/a HOTEL BLAKE, and ROBERT FALOR, Individually, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's motion to approve service pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure [86]. For the reasons stated below, the motion is granted to the extent and pursuant to the directions set forth in this opinion and order.

**I.     Background**

On April 14, 2008, Plaintiffs filed their first amended complaint against Printer's Row LLC and Robert Falor, individually [61]. On July 3, 2008, Printer's Row filed a bankruptcy petition. As a result, this action is now stayed as to Printer's Row. As set forth in the materials attached to their motion, including the affidavit of their process server, Plaintiffs have made several attempts to serve the summons and amended complaint on Mr. Falor. First, Plaintiffs attempted to effectuate service at the Hotel Blake, one of Mr. Falor's business interests. Plaintiffs then attempted to obtain a waiver of service through an attorney, Ariel Weissberg, who

represents Mr. Falor in this and other litigation. Plaintiffs also sent letters requesting waiver of service to Mr. Falor at two addresses in Chicago.

After all of those efforts to effectuate service failed, Plaintiffs retained an investigation service. After a search of Illinois driver's records and contacts with a local post office, the service determined that a driver's license was issued to Mr. Falor at an address on Sheridan Road in Glencoe and that the post office delivers mail to Mr. Falor at the same Glencoe address. As explained in the affidavit of Plaintiffs' process server, Plaintiffs attempted to serve the summons and complaint on Mr. Falor at that address in late September. The individual who answered the call button at the Sheridan Road home stated that Mr. Falor did not live there and refused to accept the delivery. The process server then attached the summons and complaint to the intercom at the gate and mailed copies of both documents to the Sheridan Road location.

In an affidavit attached to a response in opposition to Plaintiffs' motion, Mr. Falor states that he does not reside at the Sheridan Road property and was not residing there as of the date of the attempt to serve him at that location. He further states that he owns no right, title, or interest in that property, and that his former spouse, from whom he was divorced in February 2007, resides at that location. Mr. Falor does not contradict the sworn assertions concerning the address on his driver's license and the delivery of his mail and the filing of the affidavit plainly indicates that he is well aware of this litigation.

**II.     Analysis**

Earlier this week, the Seventh Circuit reiterated that "[a] district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process." *United States v. Ligas*, ___ F.3d ___, 2008 WL 5047770, at *3 (7th Cir. Dec. 1, 2008). The Court further reminded district courts that "the service requirement is not satisfied merely

because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint." *Id.*; see also *Equity Residential Properties Mgmt. Corp. v. Nasolo*, 364 Ill. App. 3d 26, 35 (1st Dist. 2006) (holding that a defendant's actual knowledge that an action is pending or that service has been attempted is not the equivalent of service of summons and would not relieve the plaintiff of its burden or vest the court with jurisdiction). In other words, the formalities of service of process under Rule 4 must be observed.

The court of appeals stated that "the preferred approach" to service "is for the plaintiff to mail the defendant a copy of the complaint and summons and obtain a waiver of personal service from the defendant under Rule 4(d)." *Ligas*, 2008 WL 5047770, at *3. As noted above, Plaintiffs here made several attempts to follow "the preferred approach," none of which was successful. Where, as here, "the defendant does not waive service and no federal statute otherwise supplies a method for service process, then Rule 4(e)'s list of methods is exclusive." *Id.* Those approved methods include personal service, leaving a copy of the summons and complaint at the defendant's "usual place of abode" with a person of suitable age who resides there, delivering a copy of the complaint and summons to an agent authorized to accept service, or "any other manner of serving process permitted by the law of the state where the district court sits." *Id.*

Here, having exhausted other methods of service, Plaintiffs have invoked Federal Rule of Civil Procedure 4(e)(1) to request an order finding that they have properly served Defendant Robert Falor with the summons and operative complaint in this case. Rule 4(e)(1) provides that service of a summons and complaint may be effected "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." See *Swaim v. Moltan Co.*, 73 F.3d 711, 719 (7th Cir. 1996)

(explaining that in the absence of rules for service of process set forth in the statute giving rise to the cause of action, "service of process is governed by the law of the state in which the district court is located").

Like federal law, the Illinois Code of Civil Procedure generally permits service on an individual "(1) by leaving a copy of the summons with the defendant personally, [or] (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode." 735 ILCS 5/2-203(a). However, if service is "impractical" under the methods set forth in Section 2-203(a), a plaintiff "may move, without notice, that the Court enter an order directing a comparable method of service." 735 ILCS 5/2-203.1. A motion to approve service under Section 5/2-203.1 "shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical * * *, including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful." *In re Schmitt*, 321 Ill. App. 3d 360, 367 (2d Dist. 2001). If the moving party has satisfactorily made the required showing of "diligent inquiry" by affidavit, "[t]he court may order service to be made in any manner consistent with due process." *Id*. at 367-68.

The language of Section 2-203.1 contemplates the entry of the order "directing a comparable method of service" in advance of the actual service of the summons and complaint. Because that language does not appear to authorize the Court to approve retroactively the attempt to effectuate service on September 22, 2008, the Court cannot grant Plaintiffs' motion to the

extent that Plaintiffs seek an order "finding that [they] have properly served" Mr. Falor. At the same time, in view of the more than adequate showing of "diligent inquiry" by Plaintiffs and their unsuccessful efforts to serve Mr. Falor notwithstanding a thorough "investigation made to determine the whereabouts of the defendant" and explanation of "the reasons why service is impractical" under the usual rule, the Court finds that this may be an appropriate case for an order prospectively authorizing alternative service under 735 ILCS 5/2-203.1.

The Court is not persuaded that serving Mr. Falor at the Sheridan Road location would satisfy the due process requirement that the "comparable method of service" under Section 2-203.1 be "reasonably calculated to inform a party of the pendency of the action and provide that party with an opportunity to respond." *Swaim*, 73 F.3d at 720; see also *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313-14 (1950). While the citation in Mr. Falor's brief to the unpublished decision in *Higgason v. Autterson*, 49 Fed. Appx. 73, 2002 WL 31420103 (7th Cir. Oct. 24, 2002), did not comport with the Seventh Circuit's rules on the citation of "nonprecedential" decisions issued prior to January 1, 2007 (see 7th Cir. R. 32.1), the proposition that service on a defendant's former residence is not reasonably calculated to inform the defendant of the pending lawsuit is difficult to refute. Similarly difficult to refute is Mr. Falor's own affidavit stating that he has no ongoing connection with the Sheridan Road property at which his ex-spouse lives. The fact that Mr. Falor's driver's license still lists Sheridan Road as his address may suggest that he is in violation of the state law requiring driver's license holders to notify the Secretary of State of address changes (625 ILCS 5/6-116), but it does not refute Mr. Falor's assertion that he does not now reside at that location. Accepting that uncontroverted statement as true, the Court has some concern that another attempt to obtain service of the summons and complaint at the Sheridan Road residence may not be sufficient

under Illinois law. See *People ex rel. Waller v. Harrison*, 348 Ill. App. 3d 976, 986 (2d Dist. 2004) (Kapala, J., dissenting) (citing cases for the proposition that "[u]nder Illinois law, every defendant in an action filed against him is entitled to the best possible notice of the pending suit").

Nevertheless, at least two of the small handful of published Illinois decisions applying Section 2-203.1 suggest a "comparable method of service" that is readily available to Plaintiffs here and comports with due process where, as here, the defendant's precise whereabouts are unknown and there is good reason to believe that the defendant is consciously and actively trying to evade service. In one of those cases, *In re Marriage of Schmitt*, 321 Ill. App. 3d 360 (2d Dist. 2001), the petitioner in a marriage dissolution case contended that the respondent was attempting to evade service of process and sought relief under Section 2-203.1 when the customary methods of effecting service had proven unsuccessful. The trial court issued an order authorizing service by leaving a copy of summons and petition with any two of five individuals or entities, including the respondent's mother, an employee of a corporation that the respondent controlled, and two attorneys who previously had represented the respondent.

After the petitioner served the employee and the attorneys and the case proceeded to judgment on the merits, the respondent appealed, arguing (among other things) that the trial court lacked jurisdiction because service was never properly made. *In re Marriage of Schmitt*, 321 Ill. App. 3d at 366-67. The appellate court rejected the respondent's objection to service. *Id.* at 370; see also *Schmitt v. Schmitt*, 2002 WL 109359, at *1 (N.D. Ill. Jan. 28, 2002) (noting that the trial court approved service of process on respondent's employee and former lawyers and that "the appellate court held that the method of service of process employed in this case was constitutionally permissible"). In so doing, the court at least tacitly endorsed the trial court's

6

decision to permit service on an attorney where service on the attorney's client through the standard methods had proven impossible or impractical. To be sure, in view of the legal proposition that "an attorney's authority to act for a client terminates when the matter for which he has been retained ends" and the fact that both attorneys who were served under Section 2-203.1 submitted affidavits stating that they no longer represented or had any contact with the respondent, the Appellate Court hinted (though it did not actually decide) that service on the attorneys may not have been appropriate in that case. *In re Marriage of Schmitt*, 321 Ill. App. 3d at 370. But the court's discussion clearly leaves open the possibility of lawfully effectuating service on an attorney who *currently* represents the evasive defendant (or respondent): "[e]ven assuming that service was insufficient on the two attorneys *because they no longer represented respondent or his business*, respondent presents no valid reason why service on [his employee] was not valid." *Id*. (emphasis added). The Appellate Court then concluded that given the respondent's admission that the person served worked for his company and the principle that "[c]ourts do not favor those who seek to evade service of summons," the plaintiff's service on the respondent's employee "was sufficient to convey notice to respondent" because "it is reasonable to believe that an employee would advise his employer that he had been served on the employer's behalf." *Id*.[1]

Due process requires notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314. The Illinois courts have indicated that service on an attorney for the defendant may suffice as "a comparable method" when service through the traditional methods is "impractical." *In re Marriage of Schmitt*, 321 Ill. App. 3d at 370; *Waller*,

---

[1] In *Waller*, service on "an attorney" (among others) where "the defendant's whereabouts remained unknown" was suggested by Justice Kapala in dissent as a superior method to the service by publication that the panel majority upheld. 348 Ill. App. 3d at 986-87 (Kapala, J., dissenting).

7

348 Ill. App. 3d at 986-87 (Kapala, J., dissenting).  Here, the record establishes that Mr. Falor currently is represented by counsel, both in this action and others.  And, as in *Marriage of Schmitt*, "it is reasonable to believe" that an attorney would advise his client that he had been served on the client's behalf.  321 Ill. App. 3d at 370.   Accordingly, consistent with Fed. R. Civ. P. 4(e), 735 ILCS 5/2-203.1, and the requirements of due process, this Court authorizes Plaintiffs to serve Mr. Falor with the summons and operative complaint in care of his attorney, Mr. Weissberg, in the manner set forth at the conclusion of this opinion and order.

In reaching this decision, the Court shares the views articulated recently by Circuit Judge Evans in similar circumstances: "it is somewhat regrettable that we are squabbling over service of process; [Defendant] was clearly dodging service and gaming the system.  But service of process represents an important value on the whole – notice to defendants that they are being sued – even if it seems like a frustrating formality from time to time (as in this case where [Defendant] *knew* [Plaintiff] was after him."  *Ligas*, 2008 WL 5047770, at *6 (emphasis added) (Evans, J., dissenting).  As Judge Evans further noted, "service of process laws are designed to ensure defendants receive notice in accordance with concepts of due process," and compliance with Rule 4 is mandatory, even where the defendant already has actual notice of the litigation. *Id.*  (citing *United States v. Jiles*, 102 F.3d 278, 282 (7th Cir. 1996), and *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001)).  Here, Rule 4(e) authorizes service through any manner permitted by the law of the state where the district court sits, and the cases cited above demonstrate that Illinois law permits service on the defendant's current attorney as a last resort, when the customary and preferred methods have proven "impractical" despite the plaintiff's diligent efforts to use those standard methods, as is the case here.

**III.     Conclusion**

For the reasons stated above, Plaintiff's motion [86] for an order directing service on Defendant Robert Falor pursuant to Federal Rule of Civil Procedure 4(e)(1) and 735 ILCS 5/2-203.1 is granted to the extent and pursuant to the directions set forth below. The Court approves service of the summons and operative complaint on Mr. Falor in the following manner: Plaintiff is directed to deliver to Mr. Falor's attorney, Mr. Weissberg, a copy of both the summons and the complaint in a sealed envelope addressed to Mr. Falor in care of Mr. Weissberg, and thereafter to send copies of both documents to Mr. Falor in care of Mr. Weissberg in a sealed envelope with postage fully prepaid via regular and certified, return receipt requested mail.

Dated:  December 5, 2008                                    _____
                                                                                     Robert M. Dow, Jr.
                                                                                     United States District Judge